McBRIDE, Judge.
Alfred H. Cologne and his collision insurer, Emmco Insurance Company, to whom he had subrogated a part of the claim, sue Tom Savarino, his driver, Taran-to, and his liability insurer for $180.90, in solido, the amount of damage to Cologne’s automobile, resulting from a collision at Labarre Road and Jefferson Highway, on the afternoon of December 6, 1951, between Cologne’s car and an automotive dump truck owned by Savarino. Savarino’s driver, Taranto, is charged with not keeping a proper lookout, with failure to have the truck under control, and with driving at too fast a rate of speed. The answer, after denying such negligence, alleges that the accident occurred solely because of the negligence of Cologne; in the alternative, defendants allege contributory negligence on his part.
Two of the defendants have appealed from the judgment in favor of plaintiffs for the respective amounts prayed for by them.
Cologne had been driving his automobile on Jefferson Highway in the direction of New Orleans, and upon reaching the intersection of Labarre Road, he intended to execute a left turn, but because an unfavorable traffic semaphore signal faced him, he stopped his car at an angle or turned just a bit toward the left into Labarre Road. Taranto was driving the truck on Labarre Road toward the lake; there is no evidence to support the allegation that the truck was speeding. When the light changed so as to permit Cologne to make the left turn, the light was also favorable to Taranto, who was traveling in the same direction in which Cologne intended to proceed.
'Cologne says that upon the proper light signal, he started the car forward, and it had traveled about three feet when the left side of the body of the truck crashed into his automobile at about the front portion of the right side. On the other hand, Ta-ranto insists that the automobile ran into the back of the truck. A State Trooper, appearing as a plaintiff witness, testified *363 tha!t after the accident Taranto admitted that while his brakes were in good condition, the heavy load carried in the truck interfered with their normal effectiveness and he could not stop in time to avoid coming into contact with the automobile. Ta-ranto denies having made any such admission.
Thus, the case resolves itself into an issue of fact, and the trial judge adopted the testimony of Cologne and the police officer as the predicate for the judgment, and we have no reason to disagree with him in that respect, as he was in a superior position to weigh the evidence and evaluate the veracity of the witnesses. We have carefully read the testimony, and .there is nothing therein which can lend support to the plea of contributory negligence. Our conclusion is that the accident resulted solely from the fault of the driver of the truck. Before crossing the inbound-traffic driveway of Jefferson Highway, he should have seen Cologne starting the left turn in ample time to have taken the necessary measures to avoid the accident. Taranto should have taken into consideration the lessened efficiency of his brakes, which called fo.r commensurate care on his part.
There being no dispute as to the quantum of damages, the judgment appealed from will be affirmed.
Affirmed.